7/18/2025 4:59:16 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 103331596
By: GARCIA, JULIO C
Filed: 7/18/2025 4:59:16 PM

# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

**CASE NUMBER:** _____   **CURRENT COURT:** _____

Name(s) of Documents to be served:   Plaintiff's Original Petition

**FILE DATE:** 7/18/2025 Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:**   Texas Attorney General

Address of Service:   808 Travis St.,Houston, TX 77002-2423 or where they may be served

Agent (if applicable): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- [x] Citation
- [ ] Citation by Posting
- [ ] Citation by Publication
- [ ] Citations Rule 106 Service
- [ ] Citation Scire Facias    Newspaper_____
- [ ] Temporary Restraining Order
- [ ] Precept
- [ ] Notice
- [ ] Protective Order
- [ ] Secretary of State Citation ($12.00)
- [ ] Capias (not by E-Issuance)
- [ ] Attachment (not by E-Issuance)
- [ ] Certiorari
- [ ] Highway Commission/Texas Department of Transportation ($12.00)
- [ ] Commissioner of Insurance ($12.00)
- [ ] Hague Convention ($16.00)
- [ ] Garnishment
- [ ] Habeas Corpus (not by E-Issuance)
- [ ] Injunction
- [ ] Sequestration
- [ ] Subpoena
- [ ] Other (Please Describe) _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY (check one):**

- [ ] ATTORNEY PICK-UP (phone) _____
- [x] E-Issuance by District Clerk
- [ ] MAIL to attorney at: _____   **(No Service Copy Fees Charged)**
- [ ] CONSTABLE
- [ ] CERTIFIED MAIL by CONSTABLE
- [ ] CERTIFIED MAIL by DISTRICT CLERK

*Note:* The email registered with EfileTexas.gov must be used to retrieve the E-issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- [ ] CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____   Phone: _____
- [ ] OTHER, explain _____

**Issuance of Service Requested By:** Attorney/Party Name:   Michael D. Matthews, Jr./ Toca Madera Bar # or

ID   SBN-24051009   Mailing Address: 1001 Fannin Street, Suite 2400, Houston, Texas 77002

Phone Number: (713) 337-8879

7/18/2025 4:59:16 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 103331596
By: GARCIA, JULIO C
Filed: 7/18/2025 4:59:16 PM

**Marilyn Burgess**

HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

CASE NUMBER: _____  CURRENT COURT: _____

Name(s) of Documents to be served:   Plaintiff's Original Petition

**FILE DATE:** 7/18/2025 Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to**:   The City of Houston

Address of Service:   900 Bagby St., Fourth Floor

City, State & Zip: Houston, Texas 77002

Agent (if applicable): City Attorney, Arturo G. Michel

**TYPE OF SERVICE/PROCESS TO BE ISSUED**: (Check the proper Box)

| | | | |
|---|---|---|---|
| ☑ **Citation** | ☐ **Citation by Posting** | ☐ **Citation by Publication** | ☐ **Citations Rule 106 Service** |
| ☐ **Citation Scire Facias** | **Newspaper**_____ | | |
| ☐ **Temporary Restraining Order** | ☐ **Precept** | | ☐ **Notice** |
| ☐ **Protective Order** | | | |
| ☐ **Secretary of State Citation ($12.00)** | ☐ **Capias** (not by E-Issuance) | | ☐ **Attachment** (not by E-Issuance) |
| ☐ **Certiorari** | ☐ **Highway Commission/Texas Department of Transportation ($12.00)** | | |
| ☐ **Commissioner of Insurance ($12.00)** | ☐ **Hague Convention ($16.00)** | | ☐ **Garnishment** |
| ☐ **Habeas Corpus** (not by E-Issuance) | ☐ **Injunction** | | ☐ **Sequestration** |
| ☐ **Subpoena** | | | |
| ☐ **Other (Please Describe)** _____ | | | |

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** (check one):
☐ **ATTORNEY PICK-UP** (phone) _____    ☑ **E-Issuance by District Clerk**
☐ **MAIL to attorney** at: _____              **(No Service Copy Fees Charged)**
☐ **CONSTABLE**                                          *Note*: The email registered with EfileTexas.gov must be
☐ **CERTIFIED MAIL by CONSTABLE**                        used to retrieve the E-Issuance Service Documents.
☐ **CERTIFIED MAIL by DISTRICT CLERK**                   Visit www.hcdistrictclerk.com for more instructions.

☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____  Phone: _____
☐ **OTHER**, *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name:  Michael D. Matthews, Jr./ Toca Madera  Bar # or

ID  SBN-24051009  Mailing Address: 1001 Fannin Street, Suite 2400, Houston, Texas 77002

Phone Number: (713) 337-8879

7/18/2025 4:59:16 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 103331596
By: GARCIA, JULIO C
Filed: 7/18/2025 4:59:16 PM

**Marilyn Burgess**

HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

CASE NUMBER: _____    CURRENT COURT: _____

Name(s) of Documents to be served:    Plaintiff's Original Petition

**FILE DATE:** 7/18/2025 Month/Day/Year
**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:**  Matthew Udemi, sued in his official capacity, is a Senior Inspector

Address of Service:  900 Bagby St., Fourth Floor

City, State & Zip:  Houston, Texas 77002

Agent (if applicable):  City Attorney, Arturo G. Michel

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | | |
|---|---|---|---|
| ☑ Citation | ☐ Citation by Posting | ☐ Citation by Publication | ☐ Citations Rule 106 Service |
| ☐ Citation Scire Facias | Newspaper_____ | | |
| ☐ Temporary Restraining Order | ☐ Precept | | ☐ Notice |
| ☐ Protective Order | | | |
| ☐ Secretary of State Citation ($12.00) | ☐ Capias (not by E-Issuance) | | ☐ Attachment (not by E-Issuance) |
| ☐ Certiorari | ☐ Highway Commission/Texas Department of Transportation ($12.00) | | |
| ☐ Commissioner of Insurance ($12.00) | ☐ Hague Convention ($16.00) | | ☐ Garnishment |
| ☐ Habeas Corpus (not by E-Issuance) | ☐ Injunction | | ☐ Sequestration |
| ☐ Subpoena | | | |
| ☐ Other (Please Describe) _____ | | | |

**(See additional Forms for Post Judgment Service)**

SERVICE BY *(check one)*:
☐ **ATTORNEY PICK-UP (phone)** _____    ☑ **E-Issuance by District Clerk**
☐ **MAIL to attorney at:** _____    **(No Service Copy Fees Charged)**
☐ **CONSTABLE**    *Note:* The email registered with EfileTexas.gov must be
☐ **CERTIFIED MAIL by CONSTABLE**    used to retrieve the E-Issuance Service Documents.
☐ **CERTIFIED MAIL by DISTRICT CLERK**    Visit www.hcdistrictclerk.com for more instructions.

☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____    Phone: _____
☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name:  Michael D. Matthews, Jr./ Toca Madera Bar # or
ID  SBN-24051009  Mailing Address: 1001 Fannin Street, Suite 2400, Houston, Texas 77002

Phone Number: (713) 337-8879

7-22-25
7-25-25

Receipt Number: 1061383
Tracking Number: 74513372

COPY OF PLEADING PROVIDED BY PLT

CAUSE NUMBER: 202550181

| | |
|---|---|
| PLAINTIFF: TOCA MADERA HOUSTON LLC | In the 215th Judicial |
| vs. | District Court of |
| DEFENDANT: THE CITY OF HOUSTON | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: UDEMI, MATTHEW

(SUED IN HIS OFFICIAL CAPACITY)

(AS A SENIOR INSPECTOR) MAY BE SERVED BY SERVING TROY LEMON INTERIM CITY SECRETARY

900 BAGBY ST ROOM P101

HOUSTON TX 77002

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on July 18, 2025, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this July 22, 2025.



*Marilyn Burgess*

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: CHRISTOPHER MATTHEWS

Issued at request of:
MATTHEWS, MICHAEL DREW JR.
1001 FANNIN, SUITE 2400
HOUSTON, TX  77002
(713) 337-8879
Bar Number: 24051009

RECEIVED
JUL 23 2025
CITY SECRETARY

Tracking Number: 74513372

CAUSE NUMBER: 202550181

| | |
|---|---|
| PLAINTIFF: TOCA MADERA HOUSTON LLC | In the 215th |
| vs. | Judicial District Court |
| DEFENDANT: THE CITY OF HOUSTON | of Harris County, Texas |

### OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____o'clock _____. M., on the _____ day of _____, 20_____.

Executed at (address) _____
in _____ County
at _____ o'clock _____. M., on the _____ day of
_____, 20 _____,
by delivering to _____ defendant,
in person, a true copy of this
Citation together with the accompanying _____ copy(ies) of the
_____ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of
_____, 20 _____.

FEE: $ _____          _____

_____ of _____

County, Texas

_____          By: _____
            Affiant                                      Deputy

On this day, _____, known to me to be
the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of
_____, 20 _____.

_____
            Notary Public

7/18/2025 4:59 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 103331596
By: Julio Garcia
Filed: 7/18/2025 4:59 PM

CAUSE NO. _____

| | | |
|---|---|---|
| TOCA MADERA HOUSTON, LLC, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| THE CITY OF HOUSTON and | § | HARRIS COUNTY, TEXAS |
| MATTHEW UDEMI in his Official | § | |
| Capacity as Senior Inspector of the | § | |
| Houston Fire Department, | § | |
| | § | |
| *Defendants.* | § | \_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Toca Madera, LLC, files this Original Petition against Defendants the City of Houston and Matthew Udemi in his official capacity as Senior Inspector of the Houston Fire Department.

## SUMMARY

1.     Houston is known as a business-friendly city with a vibrant culinary scene that has welcomed many nationally renowned restaurants in the last decade. Toca Madera is one such restaurant, but Defendants the City of Houston and Houston Fire Department Senior Inspector Matthew Udemi have been anything but welcoming to it.

2.     Since Toca Madera opened its Houston location in 2024, Defendants have—without legal authority—improperly singled it out for arbitrary and discriminatory enforcement of inapplicable and/or unconstitutional fire code provisions that have not been enforced on similar restaurants. These actions have hurt Toca Madera's business and violated its constitutional rights.

3.     Specifically, Defendants have invoked inapplicable and/or unconstitutional fire code provisions to improperly require standby fire marshal inspector permits and extract exorbitant

1

$500 fees from Toca Madera on a daily basis. Defendants' justifications for doing so have also been a moving target. Their position about which fire code provisions allegedly allow them to impose these onerous requirements has changed when Toca Madera has proven their prior positions to be wrong. In fact, Defendants recently conceded that the specific provisions they originally cited to financially burden Toca Madera's business for many months are inapplicable. But rather than admitting their mistake, dropping their improper requirements, and returning the many thousands of dollars in fees that Toca Madera was forced to pay under protest, Defendants pivoted.

4.    Defendants now point at two other equally inapplicable fire code provisions with language that is so broad, vague, and ambiguous that it renders the provisions void. Indeed, the vagueness of these provisions is evidenced by the fact that, for almost nine months, Defendants never once mentioned them as any basis for their position that Toca Madera was required to obtain a standby fire marshal permit and pay the related $500 daily fee. Of course, Defendants never mentioned the two new provisions because they are so vague that even Defendants did not think they applied.

5.    Moreover, these newly cited fire code provisions are so broad, vague, and ambiguous that, under Defendants' reading, they would give a fire code official like Senior Inspector Udemi unfettered discretion to require a standby fire marshal permit whenever he feels like it without any further explanation or justification.

6.    And unfortunately, an arbitrary whenever-he-feels-like-it standard, is exactly what Senior Inspector Udemi has applied to Toca Madera without legal authority. The standby permits and $500-per-day fees that Defendants say are required of Toca Madera are not required—and they

have not been required of any similar restaurant. This capricious and discriminatory treatment is unlawful and must be stopped, which is the purpose of this lawsuit.

## DISCOVERY PLAN

7.      Plaintiff seeks only non-monetary relief. Tex. R. Civ. P. 47(c)(5).

8.      Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because Plaintiff seeks only non-monetary relief.

## PARTIES

9.      Plaintiff Toca Madera Houston, LLC is a domestic limited liability company doing business in Harris County, Texas.

10.      Defendant Matthew Udemi, sued in his official capacity, is a Senior Inspector for the Houston Fire Department and may be served with process through the City Attorney, Arturo G. Michel, 900 Bagby St., Fourth Floor, Houston, Texas 77002.

11.      Defendant the City of Houston, Texas, including its respective departments, agencies, and other instrumentalities, is a home rule municipal corporation organized under the laws of the  State of Texas. When this petition refers to Defendant the City of Houston, it includes those persons acting in an official capacity for the City.

12.      The City of Houston is properly made party to this suit pursuant to Tex. Civ. Prac. & Rem. Code § 37.006(b). The City may be served through the City Attorney, Arturo G. Michel, 900 Bagby St., Fourth Floor, Houston, Texas 77002.

13.      The Texas Attorney General shall be served with a copy of this petition. Tex. Civ. Prac. & Rem. Code § 37.006(b).

3

## JURISDICTION & VENUE

14.     This Court has jurisdiction over the subject matter of this cause because Plaintiff seeks declaratory and injunctive relief. Tex. Const. art. V, §§ 1, 8; Tex. Gov't Code §§ 24.007, 24.008; Tex. Civ. Prac. & Rem. Code § 65.021(a).

15.     Venue in this Court is proper as all or a substantial part of the events or omissions giving rise to the claims occurred in Harris County, Texas. Tex. Civ. Prac. & Rem. Code § 15.002.

16.     Sovereign immunity does not apply because Toca Madera raises constitutional challenges, along with *ultra vires* claims. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009) ("suits to require state officials to comply with statutory or constitutional provisions are not prohibited by sovereign immunity . . ."). Furthermore, the Texas Uniform Declaratory Judgment Act waives governmental immunity for declaratory judgment actions challenging the validity of a municipal ordinance. Tex. Civ. Prac. & Rem. Code § 37.004(a).

## BACKGROUND

**A. Toca Madera is a Safe, High-End Restaurant with Short Fire-Dance Performances.**

17.     Toca Madera is an acclaimed modern Mexican steakhouse known for its high-quality food, décor, and atmosphere. An integral element of its atmosphere comes from nightly live music and short, periodic performances by dancers who use small handheld devices that produce an open flame when ignited, akin to torches, like those shown here:

4



18.     These handheld devices produce flames that are smaller than those lit near families at the many hibachi grills across Houston where no standby fire marshal permits or fees are required.

19.     These devises are not pyrotechnics or explosives, nor do they produce any visible or audible effect of combustion. They do not involve chemical mixtures containing oxygen or oxidizing agents that initiate or maintain combustion either. And they are not used in an uncontrolled or unsafe way. Far from it.

20.     Every Toca Madera dancer is a highly trained flame-effects operator licensed under the Texas Occupations Code. Further, their dance performances last only a few minutes at a time and occur in two designated areas of the restaurant that are roped off and/or closely controlled by Toca Madera security so that no guests can ever enter the area during a performance. The performers are also watched carefully by assistants who have ready access to fire extinguishers and fire blankets. And there has never been a fire safety incident during a performance—not at Toca Madera's Houston location or at its restaurants in Las Vegas, Nevada and Scottsdale, Arizona, which have been open for years.

21.    Defendants are aware of these facts and have witnessed the dance performances at Toca Madera. With this knowledge, Defendants have never suggested that Toca Madera should conduct them in a different way or that it should take additional safety precautions.

22.    Defendants have also confirmed that Toca Madera has an appropriate sprinkler system, fire alarms, and fire safety equipment including fire extinguishers and blankets. Here again, Defendants have never suggested that Toca Madera needs additional safety equipment. And Defendants have never alleged that Toca Madera has violated any fire code provision.

23.    For these reasons, once Defendants confirmed that Toca Madera's dancers are licensed flame effects operators and witnessed the controlled, safe environment in which their performances occur with ample fire safety equipment and supervision, there was no need for any permit beyond the candle/open-flame permit that Toca Madera has always had since it opened. But unfortunately, that is not what happened.

**B. Despite Observing Toca Madera's Safe, Controlled Restaurant Performances—and Not Identifying Any Risks—Defendants Demanded Inapplicable Permits and Payments Required for Fireworks and Pyrotechnics Displays at Public Events.**

24.    Instead, Defendants demanded that Toca Madera purchase a fire marshal standby inspector permit—at the cost of $500 per day—and have a fire marshal standby inspector present every day at the restaurant. There is no factual or legal basis for these burdensome requirements.

25.    Defendants did not identify any actual safety risk as a basis for these requirements—nor did they indicate how a hypothetical (but unidentified) risk would be mitigated by having a standby inspector onsite. The dance performances and the controlled conditions in which they occur at Toca Madera are the same each day. There is nothing new or different for a standby inspector to observe from day to day.

26.     As such, it is entirely unclear what purpose a standby inspector serves. The dancers are licensed and the conditions are controlled, safe, and do not vary. Toca Madera's supervisory staff and the dancers' assistants closely monitor the performances and stand at the ready to prevent and address any hypothetical (but still unidentified) safety issues. Defendants know these facts and have not said what else a standby inspector adds to the equation. Defendants have not explained what, if anything, a standby inspector would do besides watch the show and collect $500.

27.     Indeed, even if a fire incident occurred during a performance, it is still not clear what benefit a standby inspector would provide. Toca Madera's staff and the dancers' assistants are trained and prepared to take any necessary action—armed with the restaurant's ample fire safety equipment (as Defendants know). In addition, Toca Madera is not in a remote location. It is centrally located on Allen Parkway near downtown Houston. There are multiple Houston Fire Department stations located within less than one mile of Toca Madera (as Defendants also know). So there is no factual justification whatsoever for the requirements Defendants have imposed.

28.     Defendants have no legal justification either. In their attempt to provide a legal basis for their burdensome demands, Defendants initially cited two standards that apply to fireworks and pyrotechnics: National Fire Protection Association (NFPA) Standard 160 and Life Safety Bureau (LSB) Standard 10. These are the kind of standards that would apply to something like a World Wrestling Entertainment theatrical event in which elaborate pyrotechnics are ignited in a venue like the Toyota Center—the kind of thing a fire code official would want to monitor before and while it occurs. But these provisions have absolutely no relevance to the short, controlled dance performances with small, torch-like devices that take place at Toca Madera—performances the fire code official has already observed and said can proceed without any changes. So the irrelevance of these cited provisions should have been obvious to Defendants. Instead, it took

numerous letters from Toca Madera's lawyers before Defendants finally agreed that the provisions they cited to impose a standby inspector requirement are inapplicable to the entertainment featured at Toca Madera.

**C. Defendants Abandon the Inapplicable Fireworks/Pyrotechnics Provisions but Pivot to Two Equally Inapplicable Fire Code Provisions that are also Impermissibly Vague.**

29.    On May 21, 2025, in response to the most recent of many letters from Toca Madera, Defendants ultimately conceded that these fireworks/pyrotechnics standards are inapplicable and provide no legal authority for the permits and fees Defendants demanded. The tens of thousands of dollars in permitting fees that Toca Madera paid under protest should have been promptly returned. But instead, Defendants invented a new but equally baseless justification for continuing to extract fees and impede Toca Madera's business operations.

30.    First, Defendants cited the City of Houston's Amendment to 2021 International Fire Code (IFC) Section 115.1, which Defendants claim authorizes a fire code official like Senior Inspector Udemi to additionally require standby inspectors—without limitation—for the approval of any restaurant "open flames and candles" permit under 2021 IFC Section 105.

31.    Notably, Defendants had *never* before mentioned the City of Houston's IFC Section 115.1 or 105 as a basis for requiring a standby inspector. In fact, the Houston Fire Department (HFD) Permit Office had already approved and issued a one-year open flames and candles permit to Toca Madera on September 19, 2024 *without* conditioning it on the presence of any standby inspector. In other words, the open flames and candles permit HFD already approved without conditions is now Defendants' *ex post facto* excuse for requiring standby inspectors and related fees. But timing aside, these newly cited provisions do not give Defendants legal authority to require standby inspector permits and fees in the first place.

32.     The amended version of IFC Section 115.1 adopted by the City contains language that does not appear anywhere in the model IFC Section 115—it is unique to the City of Houston. And the City's bespoke modifications of the model IFC are so vague and ambiguous that they allow the fire code official to require a standby inspector without any meaningful guidelines, which invites arbitrary and discriminatory application as is the case here. As noted, the fact that this provision is unlawfully vague is demonstrated by the fact that not even Defendants thought it applied from September 2024 until May 21, 2025, when they first mentioned it.

33.     Second, on May 21, 2025, Defendants also cited HFD LSB Standard 16.9.1, which also applies to "Open Flames (Candles)," as the basis for requiring a standby inspector for the first time. Again, Defendants already approved and issued a one-year open flames and candles permit to Toca Madera on September 19, 2024 *without* conditioning it on the presence of any standby inspector. There is no legal authority for Defendants' attempted after-the-fact conditions.

34.     But HFD LSB Standard 16.9.1 is inapplicable anyway. It states that "standby fire watch shall be required by the Fire Code Official for public assembly activities, events and theatrical performances where candles and other open flame devices are to be used." Even assuming "standby fire watch" means a standby inspector permit and fee (which Toca Madera disputes), LSB Standard 16.9.1 only regulates "candles and other open flame decorative devices," *i.e.*, generally stationary/fixed devices, not the small devices that are held and controlled at all times by the Toca Madera dancers during the short duration of their performances.

35.     LSB Standard 16.9.1 is also inapplicable because the dances that occur at Toca Madera are not "public assembly activities, events [or] theatrical performances" contemplated by

LSB Standard 16.9.1.[1] Defendants previously relied on LSB Standard 10.1.1 as a purported justification, which has similar language covering "festival events, fairs, carnivals, trade shows and exhibitions, theatrical events, and mobile food units." But when Toca Madera explained in an April 17, 2025 letter that its short dance performances in a restaurant are materially distinguishable from any of the events enumerated in LSB Standard 10.1.1, Defendants abandoned LSB Standard 10.1.1 in response. That concession necessarily means that the similar language in LSB Standard 16.9.1 (which they now cite) is equally inapplicable and provides Defendants with no legal authority for requiring standby inspector permits and fees.

36.    Again, until May 21, 2025, Defendants had never before mentioned LSB Standard 16.9.1. But they now incorrectly assert that it gives them unlimited authority to require a standby inspector permit if any open flame device is used—even if a licensed flame effects operator is onsite, and no matter what safety precautions are in place. That is not the law.

37.    Defendants' newly invented position is inconsistent with Section 2154.253 of the Texas Occupations Code, which governs the use of flame effects. The City's position—which reads unfettered and undefined authority for a fire code official into HFD LSB Standard 16.9.1—renders LSB standard 16.9.1 void for vagueness because it invites arbitrary and discriminatory enforcement by its lack of guidance for those charged with its enforcement. And again, its vagueness is demonstrated by the fact that, for almost nine months, Defendants did not even contend it applied.

---

[1] The Texas Occupations Code defines a "theater" as "a building constructed, equipped, and used for public performances or the production and exhibition of plays, dramas, or operas for which an admission fee is charged." Tex. Occ. Code § 2156.001. Toca Madera is a restaurant. It was not constructed, equipped, or used for public performances; nor does it produce or exhibit plays, dramas, or operas; nor does it charge an admission fee.

**D. Defendants' Application of Their Newly Cited (but Inapplicable) Fire Code Provisions is Without Legal Authority and has Discriminated Against Toca Madera in Violation of its Constitutional Rights.**

38.     Further, arbitrary and discriminatory enforcement under the City's versions of IFC Section 115.1 and LSB 16.9.1 is not theoretical. Toca Madera is not the only Houston restaurant at which dancers perform with handheld flame devices. But it is the only one that has been subjected to Defendants' demands for standby inspectors and payment of related fees.

39.     At least two other Houston restaurants have similar fire-dance performances on a nightly basis: Koya and Tago. Upon information and belief, Defendants have never required Koya (which has been open in Houston longer than Toca Madera) to have standby inspectors generally, or on a daily basis. Likewise, standby inspectors have never been required at Tago—which uses some of the very same licensed flame-effects dancers who perform at Toca Madera.

40.     Toca Madera raised that fact with Senior Inspector Udemi in a May 16, 2025 email that included video of Tago's performances and asked what made Tago different to account for HFD's disparate and discriminatory treatment of Toca Madera. Senior Inspector Udemi did not respond.

41.     The language of the City's IFC Section 115.1 and LSB Section 16.9.1 does not specifically or reasonably inform citizens of what conduct or circumstances will trigger the fire code official's discretion to require that a standby inspector be provided. The language of the City's IFC Section 104.1.1 "Standards" (which, again, the City of Houston added to the uniform IFC) also provides no guidance for interpreting these provisions. It states that "the fire code official is authorized to grant approvals or permissions, promulgate standards, impose requirements, or exercise similar discretionary authorization over materials, personnel, activities, or procedures; ***however no specific standards or decision-making criteria are stated***."

11

42.      Senior Inspector Udemi has taken action without legal authority here. As stated above, he has not identified any conditions at Toca Madera or any principles of fire safety that could necessitate a standby inspector. And yet he has elected to impose a standby inspector permit and fees on Toca Madera each day without ever requiring the same of similar restaurants with fire-dance performances like Koya and Tago. Such action has been taken without legal authority. The City's version of IFC Section 104.1.1 states that the fire code official's "discretionary authorization" must "be administered in a uniform manner, that authorizations not be unreasonably withheld, and that rules and standards be based upon the preservation of the public health, safety and welfare." Senior Inspector Udemi has failed to do so here.

43.      For one thing, the standards Defendants now cite (the City's versions of IFC Section 115.1 and LSB 16.9.1) were not the basis for the fire marshal's original standby requirement. For almost nine months, Defendants never mentioned IFC Section 115.1 or LSB 16.9.1. Instead, the Defendants' initial communications with Toca Madera cited different standards which Defendants' have now abandoned. And while Defendants now cite ordinances related to "open flames and candles" as their supposed basis for requiring the presence of standby inspectors, they freely issued an open flames and candles permit to Toca Madera in September 2024 without conditioning it on the presence of a standby inspector. The after-the-fact invocation of those standards is pretextual and unlawful. In addition, Senior Inspector Udemi has not required similarly situated restaurants to have standby inspectors. His demands on Toca Madera, and only Toca Madera, are arbitrary and discriminatory and constitute *ultra vires* acts taken without legal authority.

## CAUSES OF ACTION

### Count I: Declaratory Relief Against Defendants

44.     A person whose rights, status, or other legal relations are affected by a municipal ordinance may have determined any question of construction or validity arising under the ordinance, and obtain a declaration of rights, status, or other legal relations thereunder. Tex. Civ. Prac. & Rem. Code § 37.004(a); *State v. Zurawski*, 690 S.W.3d 644, 661 (Tex. 2024) ("to obtain declaratory relief against the government, it is necessary to show that the challenged law is invalid because it is unconstitutional, preempted by superior governing law, or barred for some similar reason."); *see also City of El Paso v. Heinrich*, 284 S.W.3d 366, 371 (Tex. 2009).

45.     As described in more detail below, Toca Madera seeks declarations that the City's version of IFC Section 115 and LSB Section 16.9.1 are unconstitutional and invalid because on their face and/or as-applied, they violate multiple provisions of the state and federal constitutions.

### A. Violation of the Fourteenth Amendment & Texas Constitution Article I, § 19

46.     The Due Process Clause of the Fourteenth Amendment denies the states and their subdivisions the power to "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. The Texas Constitution's equivalent due course of law provision states that "[n]o citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land." Tex. Const. art. I, § 19.

### 1.     Denial of Due Course of Law

47.     The City's IFC Section 115 and LSB Section 16.9.1 are economic regulations that are an unconstitutional denial of due course of law. When considered as a whole, the City's IFC Section 115 and LSB Section 16.9.1's "actual, real-world effect as applied" to Toca Madera is not

"rationally related to, or is so burdensome as to be oppressive in light of, the governmental interest." *Patel v. Tex. Dep't of Licensing & Regulation*, 469 S.W.3d at 69, 87 (Tex. 2015).

48.     First, the requirement that Toca Madera purchase a fire marshal standby inspector permit—at the cost of $500 per day—and have a fire marshal standby inspector present every day at the restaurant, has no rational connection to reasonable public safety requirements. Toca Madera's fire dancer shows do not pose a safety risk. Each performer is a highly trained flame effects operator licensed under the Texas Occupations Code. Moreover, the fire dancer shows only last a few minutes and are roped off and/or closely monitored and controlled by Toca Madera security.

49.     Second, the City's IFC Section 115 and LSB Section 16.9.1 have an arbitrary and unduly burdensome effect as applied to Toca Madera. Defendants' standby inspector requirements effectively impose tens of thousands of dollars in excessive and unwarranted fees on Toca Madera. No other restaurant exhibiting similar fire dancer shows in Houston is subject to this exorbitant fee.

### 2.     Void for vagueness

50.     The versions of IFC Section 115.1 and LSB Section 16.9.1 adopted by HFD are void and unenforceable because they are unconstitutionally vague. They expose Toca Madera to business risk and detriment without fair warning and invite arbitrary and discriminatory enforcement by the fire code official due to their lack of any guidance or standards for enforcement.

51.     "It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). "A statute or ordinance is unconstitutionally vague if [1] the persons regulated by it are exposed to risk or detriment without fair warning or [2] if it invites arbitrary and discriminatory enforcement

14

by its lack of guidance for those charged with its enforcement." *Lindig v. City of Johnson City*, No. 03-11-00660-CV, 2012 WL 5834855, at *3 (Tex. App.—Austin Nov. 14, 2012, no pet.). The City's IFC 115 violates both prongs.

52.     First, due process is violated and a law is invalid if persons of common intelligence are compelled to guess at a law's meaning and applicability. The language of the City's IFC Section 115 and LSB Section 16.9.1 does not specifically—or even reasonably—inform citizens of what conduct or circumstances will trigger a fire code official's decision to require that a standby inspector be provided. Indeed, given the breadth of the regulations, even lawful and entirely safe conduct could be the basis for the fire code official to require provision of a standby inspector.

53.     Second, the City's IFC Section 115 and LSB Section 16.9.1 vests boundless discretion in the fire code official to require a standby inspector without any meaningful guidelines, which invites arbitrary and discriminatory application. The lack of guidance impermissibly grants the fire code official unfettered discretion to require the presence of a standby inspector in an arbitrary and discriminatory manner, should he ever decide to do so, thereby inviting arbitrary and discriminatory enforcement. *See City of Dallas v. MD II Entm't, Inc.*, 974 S.W.2d 411, 415 (Tex. App.—Dallas 1998, no pet.).

**B. Violation of the Fourteenth Amendment & Tex. Const. art. 1, § 3 (Equal Protection)**

54.     The Fourteenth Amendment guarantees "equal protection of the laws." U.S. Const. amend. XIV. The Texas Constitution likewise guarantees that all persons have "equal rights" under the law. Tex. Const. art. 1, § 3.

55.     Toca Madera has been intentionally treated differently from other similarly situated parties, *i.e.*, restaurants such as Tago and Koya, both of which feature demonstrations involving

flame effects, and neither of which have been subjected to the same restrictions and monetary impositions as Toca Madera.

56.     Second, there is no rational basis for Toca Madera's differential treatment. Toca Madera has never violated the fire code. Toca Madera performers are highly trained and licensed by the State of Texas. Their performances are tightly choreographed, contained to roped off and/or restricted areas, and only last a few minutes. Moreover, the performances are closely monitored and controlled by Toca Madera security so that no guests can ever enter the area during a performance. The City has no rational basis for treating Toca Madera differently from other similarly situated restaurants like Tago and Koya.

57.     In addition, assuming the fire code official has some discretion to enforce these ordinances, it has been exercised by Senior Inspector Udemi here without legal authority. HFD's version of IFC Section 104.1.1 states that the fire marshal's discretion must "be administered in a uniform manner, that authorizations not be unreasonably withheld, and that rules and standards be based upon the preservation of the public health safety, and welfare." Senior Inspector Udemi has failed to do so here.

### C. Violation of the Fourth Amendment & Texas Constitution Article I, § 9

58.     The Fourth Amendment bars "unreasonable searches and seizures." U.S. Const. amend. IV. The Texas Constitution likewise guards against "unreasonable seizures or searches." Tex. Const. art. 1, § 9. Inspections of commercial premises by fire department officials are encompassed by the Fourth Amendment's requirements:

> The businessman, like the occupant of a residence, has a constitutional right to go about his business free from unreasonable official entries upon his private commercial property. The businessman, too, has that right placed in jeopardy if the decision to enter and inspect for violation of regulatory laws can be made and enforced by the inspector in the field without official authority evidenced by warrant.

16

*See v. City of Seattle,* 387 U.S. 541, 543 (1967); *Camara v. Mun. Court of City & Cnty. of San Francisco,* 387 U.S. 523, 528 (1967).

59.     Toca Madera, as an owner and operator of a business, has a reasonable expectation of privacy in its commercial property. This expectation exists with respect to administrative inspections or searches designed to enforce regulations. *See City of Los Angeles, Calif. v. Patel,* 576 U.S. 409, 420 (2015).

60.     As applied to Toca Madera, the purported fire watch requirements in the City's IFC Section 115 and LSB Standard 16.9.1, and Defendants' actions pursuant thereto, violate the Fourth Amendment because they mandate submission to non-consensual and arbitrary warrantless searches. Moreover, the City's IFC Section 115 and LSB Standard 16.9.1 lack any form of constraint on fire code officials' powers to search and occupy a property. *See Adust Video v. Nueces Cnty.,* 996 S.W.2d 245, 256 (Tex. App.—Corpus Christi–Edinburg 1999, no pet.) ("The absence of conditions on the inspections violates the constitutional requirements for such administrative searches.").

**D. Violation of the First Amendment & Texas Constitution Article I, § 8.**

61.     The First Amendment prohibits enactment or enforcement of laws "abridging the freedom of speech." U.S. Const. amend. I. The Texas Constitution provides that "no law shall ever be passed curtailing the liberty of speech[.]" Tex. Const. art. I, § 8

62.     Toca Madera features live entertainment in the form of fire dancing, which is protected expression under the First Amendment. *See Schad v. Borough of Mount Ephraim,* 452 U.S. 61, 65 (1981).

63.     The City's IFC Section 115 is a content-based regulation. That is because when determining whether to order a citizen to station and pay for a standby inspector, IFC 115.1 directs

the fire code official to consider the content of the expression—*i.e.*, "the nature of a performance, exhibition, display, contest or activity."

64.    On its face and as-applied, IFC 115 constitutes an impermissible price tag on Toca Madera's protected expression. Based on the "nature of a performance"—expression offered at the business, the provision allows the City to impose burdensome fees for the cost of a standby inspector—without any limitations on such authority. *See Int'l Women's Day March Planning Comm. v. City of San Antonio*, 619 F.3d 346, 365 (5th Cir. 2010) ("Generally, ordinances that grant officials discretion to impose or waive fees at will are unconstitutional. . . . Also problematic are ordinances that provide vague criteria for assessing fees, unanchored in determining the scope of fees necessary to reimburse a municipality for its expenses.").

65.    IFC Section 115 cannot survive strict scrutiny because, among other things, it is not narrowly tailored to achieve a compelling governmental interest, and it is not the least restrictive means for achieving that interest. And even if IFC Section 115 is a content-neutral regulation, it would not survive intermediate scrutiny.

### APPLICATION FOR TEMPORARY AND PERMANENT INJUNCTION

66.    Toca Madera asks the Court to temporarily and permanently enjoin the City—and its officers, agents, servants, employees, and attorneys, and all others in active concert or participation with them—from requiring Toca Madera to pay for a standby inspector whenever it features a fire dancer performance.

67.    Toca Madera has pleaded a cause of action against Defendants and shown a probable right to the relief sought because the regulations and conduct described herein violate the state and federal constitutions in numerous ways.

68.    A temporary injunction is required to prevent an ongoing violation of law that causes probable, imminent, and irreparable injury to Toca Madera. Injunctive relief is authorized "where a violation of a constitutional right is clearly established." *Iranian Muslim Org. v. City of San Antonio*, 615 S.W.2d 202, 208 (Tex. 1981). This is because the "denial of a constitutionally guaranteed right . . . as a matter of law, inflicts an irreparable injury." *S.W. Newspapers Corp. v. Curtis*, 584 S.W.2d 362, 368 (Tex.Civ.App.—Amarillo 1979). Moreover, as shown above, that injury includes irreparable loss of control over Toca Madera's business operations and livelihood.

69.    Additionally, a temporary injunction will maintain the relevant status quo during the pendency of this dispute, whereas denial of an injunction could significantly hinder Toca Madera's business operations.

70.    Toca Madera will post an appropriate bond if required.

71.    Accordingly, Plaintiff asks the Court to issue a temporary injunction and set its request for a permanent injunction for a full trial on the merits, and after the trial, issue a permanent injunction against Defendants.

## **ATTORNEY'S FEES**

72.    Toca Madera seeks an award of costs and reasonable and necessary attorney's fees as are equitable and just. Tex. Civ. Prac. & Rem. Code § 37.009.

## **PRAYER**

Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final consideration this Court issue a permanent injunction, requiring the Defendants and any person acting in concert with them directly or indirectly to refrain from requiring Toca Madera to pay for a standby inspector whenever it features a fire dancer performance, and for all other relief to which Plaintiff may be entitled at law or in equity.

Dated: July 18, 2025

Respectfully submitted,

MCDOWELL HETHERINGTON LLP

By: */s/ Michael D. Matthews, Jr.*
Michael D. Matthews, Jr.
State Bar No. 24051009
William X. King
State Bar No. 24072496
Louise R. Grable
State Bar No. 24121092
1001 Fannin Street, Suite 2400
Houston, Texas 77002
Telephone: (713) 337-8879
Facsimile: (713) 337-8859
Email: matt.matthews@mhllp.com
Email: william.king@mhllp.com
Email: louise.grable@mhllp.com

***Attorneys for Plaintiff Toca Madera***

8/14/2025 11:20 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 104372948
By: Quandella Andrews
Filed: 8/14/2025 11:20 AM

CAUSE No. 2025-50181

| | | |
|---|---|---|
| **TOCA MADERA HOUSTON LLC** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **THE CITY OF HOUSTON and** | § | |
| **MATTHEW UDEMI in his Official** | § | |
| **Capacity as Senior Inspector of the** | § | **215TH JUDICIAL DISTRICT** |
| **Houston Fire Department,** | § | |
| *Defendant* | | |

## <u>DEFENDANT'S ORIGINAL ANSWER</u>

The City of Houston and Matthew W. Udemi, in his official capacity as Senior Inspector of the Houston Fire Department (jointly, the "City Defendants"), file this Original Answer to Plaintiff's Original Petition as follows:

1.      The City Defendants enter a general denial under Rule 92 of the Texas Rules of Civil Procedure.

2.      Plaintiff's claims are barred by governmental immunity.

FOR THESE REASONS, the City of Houston and Matthew W. Udemi, in his official capacity as Senior Inspector of the Houston Fire Department, pray that Plaintiff takes nothing by reason of this suit.

Respectfully submitted,

ARTURO MICHEL
City Attorney
SUZANNE CHAUVIN
Chief, General Litigation Section

/s/   *Brian Amis*_____
Brian A. Amis
Senior Assistant City Attorney
State Bar No. 24040424

brian.amis@houstontx.gov
City of Houston Legal Department
P.O. Box 368
Houston, Texas 77001-0368
Phone: (832) 393-6464
Facsimile: (832) 393-6259

**ATTORNEYS FOR DEFENDANTS
CITY OF HOUSTON AND MATTHEW
UDEMI, IN HIS OFFICIAL CAPACITY AS
SENIOR INSPECTOR OF HOUSTON FIRE
DEPARTMENT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded via the indicated means on this 14th day of August 2025 to the following parties and/or counsel of record:

McDowell Hetherington LLP
Michael Drew  Matthews, Jr.
William X. King
Louise R. Grable
1001 Fannin, Suite 2400
Houston, Texas 77002
Tel: (713) 337-8879
Fax: (713) 337-8859
matt.matthews@mhllp.com
william.king@mhllp.com
louise.grable@mhllp.com
*Attorney for Plaintiff*
*Toca Madera Houston LLC*

_____*Brian Amis*_____

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jamie Wolf on behalf of Brian Amis
Bar No. 24040424
jamie.wolf@houstontx.gov
Envelope ID: 104372948
Filing Code Description: Answer/ Response / Waiver
Filing Description: Defendant's Original Answer
Status as of 8/14/2025 2:14 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Michael D.Matthews, Jr. | | matt.matthews@mhllp.com | 8/14/2025 11:20:54 AM | SENT |
| Louise Grable | | louise.grable@mhllp.com | 8/14/2025 11:20:54 AM | SENT |
| William XKing | | william.king@mhllp.com | 8/14/2025 11:20:54 AM | SENT |
| Brian A.Amis | | brian.amis@houstontx.gov | 8/14/2025 11:20:54 AM | SENT |
| Mili Grau | | milagros.grau@houstontx.gov | 8/14/2025 11:20:54 AM | SENT |
| Jamie Wolf | | Jamie.Wolf@houstontx.gov | 8/14/2025 11:20:54 AM | SENT |